Joel B. Robbins, Esq. (011065)
Anne E. Findling, Esq. (010871)
**ROBBINS & CURTIN, p.l.l.c.**
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona  85012
Tel: 602/285-0100
Fax: 602/265-0267
joel@robbinsandcurtin.com
anne@robbinsandcurtin.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **(1)  Noah Frochtzwajg**, an individual, | No. _____ |
| Plaintiff, | **COMPLAINT** |
| vs. | **Jury trial demanded** |
| **(2)  City Of Tempe, Arizona**, a municipality; | |

**(3)  Sergeant  Michael Hayes (Badge No. 13103)**, in his official and individual capacity as an officer with the Tempe Police Department;
**(4)  Officer Felipe Amezquita (Badge No. 11738)**, in his official and individual capacity as an officer with the Tempe Police Department;
**(5)  Officer Jake Alexander (Badge No. 19837),** in his official and individual capacity as an officer with the Tempe Police Department;
**(6)  Officer Bryan Berman (Badge No. 20184)**, in his official and individual capacity as an officer with the Tempe Police Department;
**(7)  Officer Matthew Barker (Badge No. 20283)**, in his official and

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

1 individual capacity as an officer with
2 the Tempe Police Department;
**(8)  Officer Nolan Palmer (Badge**
3 **No. 19842),** in his official and
4 individual capacity as an officer with
the Tempe Police Department;
5 **(9)  Officer Kyle Pettengell (Badge**
6 **No. 20942),** in his official and
individual capacity as an officer with
7 the Tempe Police Department;
8 **(10)  Officer Lauren Wallace
(Badge No. 19628),** in her official and
9 individual capacity as an officer with
the Tempe Police Department; and
10 **(11)  Sergeant Michael Evans
11 (Badge No. 11813),** in his official and
individual capacity as an officer with
12 the Tempe Police Department.
13
Defendants.
14

15     For his Complaint against Defendants, Plaintiff Noah Frochtzwajg
16 alleges as follows:

17     1.    Plaintiff Noah Frochtzwajg is resident of Maricopa County, State
18
19 of Arizona.

20     2.    Defendant City of Tempe, Arizona, is a municipality organized
21 under the laws of the State of Arizona.  The Tempe Police Department is a
22
23 subdivision or department of Defendant City of Tempe.

24     3.    For purposes of Plaintiff's state law claims against Defendants,
25 Defendant City of Tempe, Arizona, is vicariously responsible for the conduct of
26
27 its employees pursuant to the doctrine of *respondeat superior*.

28

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

4.     Plaintiff does not assert that Defendant City of Tempe is vicariously liable for its employees' federally unconstitutional conduct under *respondeat superior*.

5.     Defendant Michael Hayes was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

6.     At all times relevant to the present matter, Defendant Hayes was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

7.     Defendant Felipe Amezquita was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

8.     At all times relevant to the present matter, Defendant Amezquita was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

9.     Defendant Jake Alexander was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

10.    At all times relevant to the present matter, Defendant Alexander was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

11.    Defendant Bryan Berman was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

12.    At all times relevant to the present matter, Defendant Berman was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

13.    Defendant Matthew Barker was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

14.    At all times relevant to the present matter, Defendant Barker was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

1871, 42 U.S.C. § 1983.

15.    Defendant Nolan Palmer was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

16.    At all times relevant to the present matter, Defendant Palmer was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

17.    Defendant Kyle Pettengell was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

18.    At all times relevant to the present matter, Defendant Pettengell was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

19.    Defendant Lauren Wallace was, at all times relevant to the present matter, a police officer with the Tempe Police Department.  She is named herein in both her official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

20.     At all times relevant to the present matter, Defendant Wallace was acting within the scope and course of her employment as a Tempe police officer.  She was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

21.     Defendant Michael Evans was, at all times relevant to the present matter, a police officer with the Tempe Police Department.   He is named herein in both his official and individual capacities, as such terms are used within the jurisprudence of the Civil Rights Act of 1871, 42 U.S.C. § 1983.

22.     At all times relevant to the present matter, Defendant Hayes was acting within the scope and course of his employment as a Tempe police officer.  He was a state actor as that term is used within the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

23.     This action arises under the Constitution of the United States, particularly the First, Fourth, and Fourteenth Amendments, and under the laws of the United States, particularly the Civil Rights Act, 42 U.S.C. § 1983, and under Arizona law.

24.     This Court has jurisdiction over Plaintiff's federal civil rights claim pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 144.

25.     This Court has supplemental jurisdiction over claims arising under the laws of the State of Arizona pursuant to 28 U.S.C. § 1367(c).

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

26.    The acts complained of occurred within Maricopa County, State of Arizona.  All defendants currently reside, or resided at relevant times, within the State of Arizona.  Thus, venue is proper in the District of Arizona pursuant to U.S.C. § 1391(b).

27.    As to Plaintiffs' claims under Arizona state law, Plaintiffs served a timely notice of claim upon Defendants, including a supplement, pursuant to A.R.S. § 12-821.01, which complied in all ways with the statute, was timely served, and deemed denied by operation of statute.

## FACTUAL BACKGROUND

28.    Plaintiff Noah Frochtzwajg was, at all times relevant to this complaint, and remains a student at Arizona State University.

29.    He resided in an apartment near the University with roommates, also students at ASU.

30.    Mr. Frochtzwajg was also a professional golfer.  He holds a professional golf license from the professional golfers' association ("PGA"), and was intending to attend the PGA's qualifying school this summer.

31.    School and golf consumed virtually all of Mr. Frochtzwajg's time.  He maintained a grade point average of 3.8 at ASU, and practiced his golf skills many hours daily.

32.    Although usually consumed with his school work and golf, on August 29, 2010, Noah had several guests at his apartment.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

33.    At approximately 2:30 am, Noah heard a knock at his apartment door.  Unsure as to who could be knocking at his door at such a late hour, Noah peered through his front door's peephole to identify who was there.  He observed two uniformed Temple Police officers.

34.    Noah opened the door.  As Noah was entering the hallway and closing the door behind him he started to greet the officers when instantly, he was confronted by numerous officers, far more than the two he had seen when peering through his peephole.

35.    Upon information and belief, these additional officers included Defendants Hayes, Amezquita, Alexander, Berman, Barker, Palmer, Pettengell, And Wallace.

36.    Without warning or any other verbal communication, one or more of the officers grabbed Noah and wrenched his arms behind his back.

37.    The officers kicked Noah's feet out from beneath him, and threw him onto the ground.

38.    In doing so, Noah struck his head, back and leg on the ground with the combined weight of his own body and the weight of the officer on top of him.

39.    Noah landed approximately twenty feet from his front door. Officers handcuffed Noah and pushed him down into the sidewalk, face first.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ◆ Fax:   (602) 265-0267

40.    As Noah laid on the ground, he could hear the other officers direct each guest to leave the apartment "one by one."

41.    After the guests had left, he could hear the officers joking among themselves, one stating "how much fun" the officers were having.

42.    Although Mr. Frochtzwajg was clearly injured and in pain, the officers made no effort to render aid or obtain medical help to remedy the injuries that they had caused.

43.    Moreover, at no point during this incident did any of the officers express disapproval of the conduct of any other officer, or act in any manner to stop the other officers' unconstitutional and wrongful conduct.

44.    Approximately 30 to 60 minutes later, Mr. Frochtzwajg was released from the handcuffs.

45.    Although subjected to excessive use of force and an arrest, Mr. Frochtzwajg was never charged with any offense of any nature as a result of this incident.

46.    There was no probable cause for either the use of force or arrest of Mr. Frochtzwajg.

47.    Although Mr. Frochtzwajg had guests in his apartment, it was not a "party." There was no loud music playing. There was no loud conversation. Mr. Frochtzwajg had done nothing to indicate that he presented any threat to the officers.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

48.     Upon information and belief, Defendants Hayes, Amezquita, Alexander, Berman, Barker, Palmer, Pettengell, And Wallace were all integral participants in the use of force and arrest of Mr. Frochtzwajg, as described above.

49.     Upon further information and belief, these officers were part of an organized "party patrol" organized by the Tempe Police Department to locate and terminate student parties around Arizona State University.

50.     As part of its practices and procedures, however, the party patrol did not simply disrupt parties whose noise, etc., exceeded legal boundaries, or where underaged drinking had been established, but would raid any student social gathering.

51.     Moreover, their tactics in dealing with parties were, as a matter of practice, policy, and/or procedure, heavy handed and needlessly forceful.  As evidenced by Mr. Frochtzwajg's case, the Defendants would utilize force where no force was indicated or necessary.

52.     As a direct and proximate result of the Defendants' use of force and arrest of Mr. Frochtzwajg, Mr. Frochtzwajg sustained serious injury. Among other things, Mr. Frochtzwajg suffered multiple abrasions, a closed head injury, pain in his tailbone, and injury to his leg and lower back.  The full extent of the physical injuries is not yet known.   Mr. Frochtzwajg incurred

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:  (602) 265-0267

medical bills as a result of the Defendants' conduct, and will continue to incur such expenses into the future.

53.    Mr. Frochtzwajg also sustained other economic damages and loss of enjoyment of life.   As noted above, Mr. Frochtzwajg was a professional golfer.   He was about to attend the PGA's qualifying school.   However, as a result of his injuries caused by the incident at issue, he has had to delay his attendance at the school, and it is not known if his golf game will ever return to its professional form.   Golf was Mr. Frochtzwajg's first love, and the injuries have caused significant loss of enjoyment of life.

54.    Mr. Frochtzwajg has also incurred emotional distress damages, including psychological trauma and humiliation.

55.    Exercising his right to free speech and to petition the government to redress his grievances, Mr. Frochtzwajg provided a statement to the Tempe Police Department's internal affairs unit.

56.    Rather than investigate his claims, however, the Tempe Police Department, in an internal affairs investigation headed by, upon information and belief, Defendant Michael Evans, began a campaign of harassment against Mr. Frochtzwajg.

57.    Among other things, the Tempe Police Department and Defendant Evans accessed Mr. Frochtzwajg's Facebook page, and began contacting Mr.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

Frochtzwajg's friends and acquaintances, asking them numerous personal and embarrassing questions about Mr. Frochtzwajg.

58.    The apparent intent of Tempe Police Department and Defendant Evans was to place Mr. Frochtzwajg in a false light before his friends, family and acquaintances, causing further humiliation and embarrassment.

## CLAIMS FOR RELIEF

### Count One

### Civil Right Act of 1871, 42 U.S.C. § 1983

**(As Against Defendants City of Tempe, Hayes,
Amezquita, Alexander, Berman, Barker,
Palmer, Pettengell, and Wallace)**

59.    The foregoing paragraphs are incorporated herein.

60.    The conduct of Hayes, Amezquita, Alexander, Berman, Barker, Palmer, Pettengell, and Wallace (the "Arresting Defendants") constituted a violation of Plaintiff Noah Frochtzwajg's rights under the Fourth and Fourteenth Amendments to the United States Constitution, including the use of excessive and unreasonable force and a wrongful arrest and seizure.

61.    Mr. Frochtzwajg did not resist the police officers in any manner, was not armed and, as such, there was no need for the use of any force. Alternately, even if some minimal amount of force was reasonable under the circumstances, the amount of force utilized was grossly disproportionate to any real or perceived threat.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

62.    The Arresting Defendants also arrested Mr. Frochtzwajg.  They did so without probable cause to believe he had committed any offense, and no reasonable officer would have believed that probable cause existed for his arrest.

63.    Each of the foregoing Defendants was an integral participant in the unconstitutional conduct as alleged herein, and/or acted in concert with each other to violate Mr. Frochtzwajg's constitutional rights.

64.    Further, upon information and belief, the unconstitutional conduct of the Arresting Defendants as alleged herein was part of policies, practices, or procedures of Defendant City of Tempe, Arizona, including but not limited to (1) using excessive and unreasonable force when approaching student parties, even where there is no need for force and the students offer no resistance of any kind to the officers, and (2) arresting, without probable cause, students at social gatherings solely because of their presence at the gathering, rather than on the basis of individualized suspicion of wrongdoing.

65.    As a direct and proximate result of the Arresting Defendants breach of Mr. Frochtzwajg's Fourth and Fourteenth Amendment rights, he sustained damage, including physical injury, medical expenses, other economic losses, emotional distress, and loss of enjoyment of life.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

**Count Two**

**Civil Rights Act of 1871, 42 U.S.C. § 1983**

**(As Against Defendants City of Tempe and Evans)**

66.   The foregoing paragraphs are incorporated herein.

67.   As permitted – and encouraged – by the First Amendment to the United States Constitution, Plaintiff Noah Frochtzwajg reported the wrongful conduct of the Arresting Defendants to authorities at the Tempe Police Department.

68.   Defendants City of Tempe and Michael Evans who, upon information and belief, is a member of the Tempe Police Department's internal affairs unit, began a campaign of harassment against Mr. Frochtzwajg.

69.   Among other things, it appears that Defendant Evans accessed Mr. Frochtzwajg's Facebook page, identified his Facebook "friends" (which includes family, friends, acquaintances, and school and business associates), and began contacting these individuals, asking embarrassing and irrelevant questions about Mr. Frochtzwajg's background.

70.   These questions included leading questions intended to cast aspersion upon Mr. Frochtzwajg, and questions about any prior misconduct by Mr. Frochtzwajg.

71.   The conduct of Defendant Evans to seek to embarrass and humiliate Mr. Frochtzwajg, rather than investigate the wrongful actions of the

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax:   (602) 265-0267

Arresting Defendants, violated Mr. Frochtzwajg's rights to free speech and to petition the government for redress, as guaranteed by the First and Fourteenth Amendments to the United States Constitution.

72.    Moreover, the conduct by Defendant Evans is, upon information and belief, consistent with the policies, practices, and procedures of Defendant City of Tempe to discourage persons exercising their rights under the First Amendment by engaging in retaliatory acts against those who exercise such rights.

73.    The acts of the Defendant City of Tempe also constitutes ratification of the wrongful acts of the Arresting Defendants (as well as that of Defendant Evans), in further violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution.

74.    As a direct and proximate result of Defendants City of Tempe's and Evans' breach of Mr. Frochtzwajg's First and Fourteenth Amendment rights, he sustained damage, including but not limited to embarassment, humiliation, emotional distress, and loss of enjoyment of life.

**Count Three**

**Assault and Battery**

**(As Against The Arresting Defendants and Defendant City of Tempe)**

75.    The foregoing paragraphs are incorporated herein.

76.    The Arresting Defendants' conduct constituted a common law

assault and battery upon Plaintiff Noah Frochtzwajg.

77.    Defendant City of Tempe is vicarious liable for the conduct of the Arresting Defendants under the doctrine of *respondeat superior*.

78.    As a direct and proximate result of the Arresting Defendants' assault and battery of Mr. Frochtzwajg, he sustained damage, including physical injury, medical expenses, other economic losses, emotional distress, and loss of enjoyment of life.

## Count Four

### Negligence

### (As Against The Arresting Defendants and Defendant City of Tempe)

79.    The foregoing paragraphs are incorporated herein.

80.    The Arresting Defendants breached their duty of care towards Mr. Frochtzwajg by arresting in an unreasonable manner that resulted in needless injury to Mr. Frochtzwajg, and by failing to render aid after Mr. Frochtzwajg had been injured.

81.    Defendant City of Tempe is vicarious liable for the conduct of the Arresting Defendants under the doctrine of *respondeat superior*.

82.    As a direct and proximate result of the Arresting Defendants' breach of their duty of care to Mr. Frochtzwajg, he sustained damage, including physical injury, medical expenses, other economic losses, emotional distress, and loss of enjoyment of life.

ROBBINS & CURTIN, p.l.l.c.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

## Count Five

## False Arrest and Imprisonment

### (As Against The Arresting Defendants and Defendant City of Tempe)

83.     The foregoing paragraphs are incorporated herein.

84.     The Arresting Defendants wrongfully arrested and imprisoned Mr. Frochtzwajg.

85.     Defendant City of Tempe is vicarious liable for the conduct of the Arresting Defendants under the doctrine of *respondeat superior*.

86.     As a direct and proximate result of the Arresting Defendants' breach of their duty of care to Mr. Frochtzwajg, he sustained damage, including physical injury, medical expenses, other economic losses, emotional distress, and loss of enjoyment of life.

## Count Six

## Intentional Infliction of Emotional Distress

### (As Against All Defendants)

87.     The foregoing paragraphs are incorporated herein.

88.     The Defendants' conduct as alleged herein was outrageous.  It was done without regard for the emotional distress that would inevitably occur from such strong-handed and retaliatory conduct.

89.     Defendant City of Tempe is vicarious liable for the conduct of the individual Defendants under the doctrine of *respondeat superior*.

Page 17 of 20

90.    As a direct and proximate result of the Defendants' intentional infliction of emotional distress, he sustained damage, including emotional distress, and loss of enjoyment of life.

### Count Seven

### Aiding and Abetting Tortious Conduct

### (As Against The Arresting Defendants and Defendant City of Tempe)

91.    The foregoing paragraphs are incorporated herein.

92.    The Arresting Defendants, individually, knowingly and intentionally acted to aid and assist their fellow officers in the commission of the unconstitutional and tortious conduct directed at Mr. Frochtzwajg.

93.    Defendant City of Tempe is vicarious liable for the conduct of the Arresting Defendants under the doctrine of *respondeat superior*.

94.    As a direct and proximate result of the Arresting Defendants' aiding and abetting in the tortious conduct against Mr. Frochtzwajg, he sustained damage, including physical injury, medical expenses, other economic losses, emotional distress, and loss of enjoyment of life.

### Count Eight

### Invasion of Privacy

### (As Against The Defendants City of Tempe and Evans)

95.    The foregoing paragraphs are incorporated herein.

96.    Defendant Evans' conduct as alleged herein invaded Mr.

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267

Frochtzwajg's privacy by, among other things, placing him in a false light before his family, friends, acquaintances, and associates, and by interfering with his private and personal relationships.

97.   Defendant City of Tempe is vicarious liable for the conduct of Defendant Evans under the doctrine of *respondeat superior*.

98.   As a direct and proximate result of Defendant Evans' wrongful invasion of Mr. Frochtzwajg's privacy, he sustained damage, including economic losses, emotional distress, and loss of enjoyment of life.

## Count Nine

## Breach of the Arizona Constitution, Art. 2, §§ 4, 5, 6, 8

## (As Against All Defendants)

99.   The foregoing paragraphs are incorporated herein.

100.   The Defendants' conduct as alleged herein violated Mr. Frochtzwajg's rights under Article 2, Sections 4 (due process), 5 (right of petition and assembly), 6 (freedom of speech and press), and 8 (right to privacy).

101.   Defendant City of Tempe is vicarious liable for the conduct of the Arresting Defendants under the doctrine of *respondeat superior*.

102.   As a direct and proximate result of the Defendants' breach of Mr. Frochtzwajg's rights under the Arizona Constitution, he sustained damage, including physical injury, medical expenses, other economic losses, emotional

distress, and loss of enjoyment of life.

## PRAYER FOR RELIEF

Plaintiff Noah Frochtzwajg prays for judgment against Defendants and each of them as follows:

A.    For special damages;

B.    For general and compensatory damages, including economic losses, emotional distress, and loss of enjoyment of life;

C.    For exemplary damages to the extent permitted by law;

D.    For attorney's fees and expenses pursuant to 42 U.S.C. § 1988;

E.    For pre- and post-judgment interest to the extent permitted by law;

F.    For taxable costs as may be allowed; and

G.    For such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury on all issues in this matter triable to a jury.

DATED this 23rd day of May, 2011.

ROBBINS & CURTIN, p.l.l.c.

By:   /s/ Joel B. Robbins
        Joel B. Robbins
        Anne E. Findling
        *Attorney for Plaintiffs*

ROBBINS & CURTIN, P.L.L.C.
301 East Bethany Home Road, Suite B-100
Phoenix, Arizona 85012
Telephone: (602) 285-0707 ♦ Fax: (602) 265-0267